UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:16cv62323

NADERA SALEH,

    Plaintiff,

v.

COLLECTO, INC.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

Plaintiff NADERA SALEH ("Plaintiff"), by and through undersigned counsel, seeks redress for the illegal practices of Defendant COLLECTO, INC. ("Defendant"), to wit, for Defendant's violations of 15 U.S.C §1692, the Fair Debt Collection Practices Act, and Florida Statute § 559.551, the Florida Consumer Collection Practices Act, and in support thereof, Plaintiff states the following:

**NATURE OF ACTION**

**I.    THE FAIR DEBT COLLECTION PRACTICES ACT**

1. The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. §1692. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure [sic] that debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

2. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

3. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to:

> (2) The false representation of--
>   (A) the character, amount, or legal status of any debt; or
>   (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
> …
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
> …

>   (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

5. Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. *See* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1200 (11th Cir. 2010) ("[a]n act or practice is deceptive or unfair if it has the *tendency or capacity to deceive*." (emphasis added); The eight subsections of § 1692f set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1).

6. Section 1692g of the FDCPA requires debt collectors to make certain disclosures, and/or provide consumers with certain information, depending on the circumstances. The rights and obligations established by section 1692g were considered by the Senate to be a "significant feature" of the Act. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4. *See generally* 15 U.S.C. § 1692g(a); *See, e.g.,* 15 U.S.C. § 1692g(a); *See* Bishop v. Ross Earle & Bonan, P.A., 817 F.3d 1268, 1274 (11th Cir. 2016) ("rejecting the notion that § 1692g gives debt collectors discretion to omit the 'in writing' requirement or cure improper notice by claiming waiver."); Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F.3d 282, 286 (2d Cir. 2013) ("[d]ebtors can protect certain basic rights through an oral dispute, but can trigger a broader set of rights by disputing a debt in writing.").

## II.   THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

7. The Florida Consumer Collection Practices Act (the "FCCPA") is "a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area

of debtor-creditor relations." Harris v. Beneficial Finance Company of Jacksonville, 338 So. 2d 196, 200-201 (Fla 1976). In 1993, the FCCPA was enacted to complement the FDCPA, and, as of present-day, the FCCPA continues to effectuate this goal by otherwise furthering the protections and prohibitions of the FDCPA. *See* Bianchi v. Bronson & Migliaccio, LLP, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011) (stating, "[t]he Florida legislature through the FCCPA expresses its intent that the FCCPA be read as providing regulations that complement the FDCPA. Specifically, the FCCPA notes that any discrepancy between the two acts should be construed as to provide the consumer (or debtor) the greatest protection." (citations omitted)).

8. In Florida, it is unlawful for an entity engage in the business of debt collection without first obtaining, and thereafter maintaining, licensure from the Florida Office of Financial Regulation. *See* Fla. Stat. § 559.533(1) ("A person may not engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration.").

9. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, the FCCPA states, *inter alia*, that: "[i] collecting consumer debts, no person shall…[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

10. The FCCPA governs the collection of debts with more scrutiny and specificity than that of the FDCPA, whereby, in its totality, not only does the FCCPA codify additional conduct as explicitly unlawful – but most critically – the FCCPA applies to individuals and/or entities not

otherwise regulated by the FDCPA. *See* In re Hathcock, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010) ("[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to *any persons collecting a consumer debt*." (emphasis added)); *See, e.g.*, Heard v. Mathis, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend."); Schauer v. General Motors Acceptance Corp., 819 So. 2d 809, 812 n. 1 (Fla. 4th DCA 2002) (creditors are not exempt from FCCPA liability, whether it be direct or vicarious).

11. In situations involving an assigned consumer debt, the FCCPA requires specialized notice above-and-beyond that required by the FDCPA, whereby such notice *must* precede any debt collection activates. *See* Fla. Sta. § 559.715 ("*the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt*." (emphasis added)).

12. As set forth in more detail below, Defendant has violated the aforementioned provisions of the FDCPA and FCCPA, and as a result, Plaintiff seeks damages and/or injunctive relief for the same.

## JURISDICTION AND VENUE

13. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C § 1337.

14. Supplemental jurisdiction exists for the forgoing state law claims pursuant to 28 U.S.C. § 1367.

15. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

16. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

17. Defendant is a Massachusetts corporation, with its principal place of business located in Norwell, Massachusetts.

18. On information and belief, Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

19. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

20. At all times material hereto, Defendant was a corporation subject to the FCCPA. *See, e.g.*, Cook v. Blazer Fin. Services, Inc., 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. § 1.01(3)).

## FACTUAL ALLEGATIONS

21. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

22. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(5); Fla. Stat. § 559.55(6).

23. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a(3).

24. Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(6); Fla. Stat. § 559.55(7).

25. On a date better known by Defendant, Defendant began attempting collect the Consumer Debts from Plaintiff.

26. On or about August 24, 2016, Defendant sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

27. In the Collection Letter, Defendant states, *inter alia*, that:

> As a result of your continued failure to address the above referenced account, we have informed our client that you have not paid this debt nor made arrangements to pay.
>
> If you cannot pay this account in full, please call to discuss a payment arrangement today.
> …
> Be advised this account is a time-barred debt and no legal action may be filed against you.

*See* Collection Letter.

28. At all times material hereto, Defendant did not possess the necessary licensure to lawfully collect the Consumer Debt from Plaintiff, in that, to lawfully engage in the business of debt collection in Florida, Defendant must be registered/licensed to do so by/with the Florida Department of Financial Regulation. *See* Fla. Stat. § 559.553.

29. The Collection Letter constitutes "collection activity" within the meaning of § 559.715 of the FCCPA.

30. Plaintiff did not receive any written notice of assignment of the Consumer Debt at least thirty (30) days before collection activity of the Consumer Debt began.

31. On information and belief, Plaintiff defaulted on the Consumer Debt more than five years ago and Plaintiff has made no payment on or toward the Consumer Debt since defaulting.

32. While a legal action against Plaintiff to collect the Consumer Debt is time-barred, a partial payment toward the debt by Plaintiff has the ability to revive the applicable statute of limitations. *See* Fla. Stat. § 95.11(2); Jacksonville Am. Pub. Co. v. Jacksonville Paper Co., 197

So. 672, 677 (1940) (partial payment made towards a time barred debt "… amounts to a voluntary acknowledgement of the existence of the debt from which the law implies a new promise to pay the balance").

33. The Collection Letter demanded Plaintiff pay some/all of the Consumer Debt.

34. The Collection Letter did not advise Plaintiff that making a payment would revive the statute of limitations.

35. The Collection Letter did not advise Plaintiff that Defendant could sue Plaintiff for the Consumer Debt if Plaintiff made a payment toward the Consumer Debt.

36. Defendant knew it had no statutory authority to collect the Consumer Debt from Plaintiff because of Defendant's knowledge of the licensure and/or registration requirements of Fla. Stat. § 559.553.

## COUNT I.
## VIOLATION OF THE FDCPA

37. Plaintiff incorporates by reference paragraphs 21-36 of this Complaint as though fully stated herein.

38. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); *See also* Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA).

39. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection

Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act [15 U.S.C §1601], is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

40. In determining whether a debt collector has violated the FDCPA, the debt collector's actions are considered through the least sophisticated consumer lenses. *See* Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the [] standard of **least sophisticated consumer**…" (emphasis added) (internal quotations and citations omitted)).

41. In light of the preceding, Defendant has violated the FDCPA, to wit:

    (a) Section 1692e(2)(A) by, in light of the least sophisticated consumer standard, falsely representing the character and/or legal status of the Consumer Debt. Defendant sought to collect an otherwise time-barred debt, to wit, the Consumer Debt, from Plaintiff without appropriately advising Plaintiff of the *true* legal statute of the Consumer Debt. Defendant deceptively states that "no legal action may be filed against you," whereby such is only true if Plaintiff does not indulge in Defendant's demand for payment on the Consumer Debt. *See* McMahon v. LVNV Funding, L.L.C.,744 F.3d 1010, 1020 (7th Cir. 2014) ("The proposition that a debt collector violates the FDCPA when it misleads an unsophisticated consumer to believe a time-barred debt is legally enforceable, regardless of whether litigation is threatened, is straightforward under the statute. Section

1692e(2)(A) specifically prohibits the false representation of the character or legal status of any debt. Whether a debt is legally enforceable is a central fact about the character and legal status of that debt. Matters may be even worse if the debt collector adds a threat of litigation, *See* 15 U.S.C. § 1692e(5), but such a threat is not a necessary element of a claim."); Palmer v. Dynamic Recovery Sols., LLC, 2016 WL 2348704, at *4 (M.D. Fla. May 4, 2016) ("Whether a debt is barred by an applicable statute of limitations is fundamental to the debt's character and legal status" and, as such, "[t]he failure to disclose that a debt is barred by the statute of limitations would likely mislead the least sophisticated consumer as to the character or legal status of his or her debt, thus violating § 1692e(2)(A).").

(b) Section 1692f(1) by attempting to collect the Consumer Debt, by and through the Collection Letter, despite having no lawful authority to seek the collection of such, in that, by failing to comply with the registration and/or licensure requirements of Fla. Stat. § 559.553, it was unlawful for Defendant to engage in any debt collection activity within Florida.

(c) Section 1692e(10) by utilizing false representations and/or deceptive means in an attempt to collect the Consumer Debt and/or obtain information concerning Plaintiff. Defendant states that the debt is "time-barred and no legal action may be filed," but in the same breath advises Plaintiff to make a partial payment. Accordingly, Defendant wrongfully causes the least sophisticated consumer to believe that the Consumer Debt is forever time-barred and deceptively attempts to extract payment from the consumer to,

*inter alia*, revive the Consumer Debt. See <u>Melillo v. Shendell & Assocs., P.A.</u>, 2012 WL 253205, at *6 (S.D. Fla.) ("[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." (quoting <u>Gonzales v. Arrow Fin. Servs., LLC</u>, 660 F.3d 1055, 1062 (9th Cir. 2011)) (intentional quotation marks omitted)); *See, e.g.*, <u>Fuller v. Becker & Poliakoff, P.A.</u>, 192 F. Supp. 2d 1361, 1369 (M.D. Fla. 2002) (a collection letter which stated that "the consumer would incur 'substantial amounts of attorney fees and costs'" if a law suit was filed "is a false representation and misleading to the least sophisticated consumer" because such an outcome is not certain to occur); *See also* <u>Gonzales</u>, 660 F.3d 1055 at 1063 ("[c]onditional language, particularly in the absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability.").

(d) Section 1692f(1) by attempting to collect the Consumer Debt, by and through the Collection Letter, despite having no lawful authority to seek the collection of such because, in that, the Consumer Debt was otherwise assigned and Plaintiff did not receive proper notice thereof. Fla. Stat. § 559.715 requires Plaintiff to receive written notice of the Consumer Debt's assignment *at least* thirty (30) days *before* any collection activity of the Consumer Debt, whereby such notice is a condition precedent to the lawful collection of an assigned debt. Accordingly, Defendant engaged in unlawful collection activity, to wit, the Collection Letter, because Plaintiff did not

> receive written notice of assignment *at least* thirty (30) before receiving the Collection Letter.

42. As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff in entitled to relief for such, in addition to statutory damages, attorney's fee and court costs.

## COUNT II.
## VIOLATION OF THE FCCPA

43. Plaintiff incorporates by reference paragraphs 21-36 of this Complaint as though fully stated herein.

44. In light of the preceding, Defendant violated the FCCPA, to wit:

   (a) Fla. Stat. § 559.72(9) by attempting to collect a debt and/or assert a legal right Defendant knew to be illegitimate and/or otherwise unlawful. By and through the Collection Letter, Defendant unlawfully sought to collect the Consumer Debt from Plaintiff. Defendant did not possess the licensure mandated by Fla. Stat. § 559.553 when Defendant sought to collect the Consumer Debt from Plaintiff via the Collection Letter. Defendant cannot lawfully attempt to collect *any* debt within Florida without first complying with the licensure requirements of § 559.553. Thus, by and through the Collection Letter, Defendant knowingly engaged in the unlawful debt collect activity.

   (b) Fla. Stat. § 559.72(9) by attempting to collect a debt and/or assert a legal right Defendant knew to be illegitimate and/or otherwise unlawful. Fla. Stat. § 559.715 requires Plaintiff to receive written notice of the Consumer

     Debt's assignment *at least* thirty (30) days *before* any collection activity of the Consumer Debt, whereby such notice is a condition precedent to the lawful collection of an assigned debt. Defendant knew the Consumer debt was assigned, yet, Defendant failed to provide timely notice of its assignment. Thus, Defendant, knowingly engaged in unlawful collection activity, to wit, the Collection Letter, because Plaintiff did not receive written notice of assignment *at least* thirty (30) before receiving the Collection Letter.

45. As a result of Defendant's aforementioned FCCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff in entitled to relief for such, in addition to statutory damages, attorney's fee and costs.

## DEMAND FOR JURY TRIAL

46. Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

 (a) Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Consumer Debt.

 (b) Statutory and actual damages, as provided under Fla. Stat. § 559.77(2), for the FCCPA violations committed by Defendant in attempting to collect the Consumer Debt from Plaintiff.

 (c) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

 (d) Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. § 559.77(2); and

(e)     Any other relief that this Court deems appropriate and just under the circumstances.

DATED: September 28, 2016

            Respectfully Submitted,

            /s/ Jibrael S. Hindi        .
            **JIBRAEL S. HINDI, ESQ.**
            Florida Bar No.: 118259
            E-mail:    jibrael@jibraellaw.com
            The Law Offices of Jibrael S. Hindi
            110 SE 6th Street, Suite 1744
            Fort Lauderdale, Florida 33301
            Phone:     954-907-1136
            Fax:       855-529-9540

               AND

            /s/ Thomas J. Patti        .
            **THOMAS J. PATTI, ESQ.**
            Florida Bar No.: 118377
            E-mail:    tpatti@thomasjohnlaw.com
            Thomas-John Law, P.A.
            110 SE 6th Street, Suite 1700
            Fort Lauderdale, Florida 33301
            Phone:     954-543-1325
            Fax:       954-507-9975

            *COUNSEL FOR PLAINTIFF*